UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MERVIN SPENCER                                              CIVIL ACTION

VERSUS                                                      NO. 10-2831

ST. JOHN THE BAPTIST                                        SECTION "F"(3)
PARISH, LOUISIANA, ET AL.

## REPORT AND RECOMMENDATION

Plaintiff, Mervin Spencer, a federal prisoner currently incarcerated in California, filed this federal civil action pursuant to 42 U.S.C. §§ 1983 and 1985. He named as defendants St. John the Baptist Parish, Wayne L. Jones, Walter Chapell, Dale Pickett, Robert Becnel, Barry Landry, Richard B. Stricks, J. Sterling Snowdy, Edwin D. Hawkins, and other unidentified individuals.

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires: "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... is frivolous ...." 28 U.S.C. § 1915A(b)(1). Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides: "Notwithstanding any filing

fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action ... is frivolous ...." 28 U.S.C. § 1915(e)(2)(B)(i).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

Although broadly construing plaintiff's complaint,[1] the Court nevertheless finds that, for the following reasons, plaintiff's claims should be dismissed as frivolous because they are clearly prescribed.

In this lawsuit, plaintiff asserts various claims arising from his arrest, criminal prosecution, and the related property seizure and forfeiture proceedings in 2003 and 2004. On March 29, 2004, the criminal charge against plaintiff was dismissed, and it was ordered that his property be returned to him at that time. Plaintiff claims that his property was not returned as ordered. However, he waited until 2010 to file this lawsuit.

As noted, plaintiff brought this action pursuant to 42 U.S.C. §§ 1983 and 1985. Because those statutes do not include specific statutes of limitations, the court looks to the forum state's applicable limitations period. Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998); Knowles v.

---

[1] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

2

Carson, 419 F.2d 369, 370 (5th Cir. 1969).  Accordingly, in the instant case, plaintiff's claims are governed by Louisiana's one-year limitations period for tort actions.  Clifford v. Gibbs, 298 F.3d 328, 332 (5th Cir. 2002); Jacobsen, 133 F.3d at 319; Proctor v. Flex, 567 F.2d 635, 636 (5th Cir. 1978); Kissinger v. Foti, 544 F.2d 1257, 1258 (5th Cir. 1977); Jordan v. Strain, Civ. Action No. 09-3565, 2009 WL 2900013, at *2 (E.D. La. Aug. 28, 2009); Smith v. Orleans Parish Prison, Civ. Action No. 08-3786, 2008 WL 2951279, at *1 (E.D. La. July 25, 2008); see also La. Civ. Code Ann. art. 3492.

Plaintiff's claims accrued in 2003 and 2004, and so they prescribed many years before the instant lawsuit was filed in 2010.  A complaint asserting prescribed claims is properly dismissed as frivolous.  See, e.g., Brown v. Pool, 79 Fed. App'x 15, 17 (5th Cir. 2003); Gonzales v. Wyatt, 157 F.3d 1016, 1019-20 (5th Cir. 1998); Jordan, 2009 WL 2900013, at *2; Smith, 2008 WL 2951279, at *2; Francis v. United States, Civ. Action No. 07-1991, 2007 WL 2332322 (E.D. La. Aug. 13, 2007).

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[2]

New Orleans, Louisiana, this twenty-sixth day of October, 2010.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[2]   Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.